UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KIMBERLY GILIO, as legal guardian
on behalf of J.G., a minor,**

    **Plaintiff,**

vs.                                                     Case No. 8:12-CV-955-T-27EAJ

**THE SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA,**

    **Defendant.**
_____/

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Dkt. 41), which recommends that Plaintiff's motion for preliminary injunction (Dkt. 9) be granted *in part* and denied *in part*. Neither party has objected to the Report and Recommendation.

After careful consideration of the Report and Recommendation in conjunction with an independent examination of the file, I agree with the Magistrate Judge that Plaintiff has demonstrated a substantial likelihood of success on her claim that the challenged School Board policies were unconstitutionally applied to J.G.'s speech under *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969).[1]

As the Supreme Court reasoned in Tinker, "[i]t can hardly be argued that . . . students shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Id.* at 506. Under *Tinker*, a public school can constitutionally restrict a student's speech only to prevent a "material and substantial interference with schoolwork or discipline." 393 U.S. at 511. There is no

---

[1] The invitations J.D. sought permission to distribute clearly constituted personal speech and cannot be accurately categorized as school sponsored. Distribution of the invitations would not bear the imprimatur of Lewis Elementary and were not connected to any curricular activity. Accordingly, the standard announced in *Tinker* controls.

evidence in this record that distribution of the Easter egg hunt invitations during non-instructional time would have caused any interference with schoolwork or discipline at Lewis. The Magistrate Judge was therefore correct in finding that, as applied to J.D.'s invitations, enforcement of the contested provisions of School Board policies 9700 and 5722 was unconstitutional as view-point based discrimination because enforcement targeted proselytizing messages solely from a religious perspective.

Accordingly, the Report and Recommendation (Dkt. 41) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review. Plaintiff's motion for preliminary injunction (Dkt. 9) is GRANTED *in part*, as follows:

(1)     The Hillsborough County School Board is ENJOINED from applying Board Policy 9700's prohibition on proselytizing speech and the incorporated provision of Board Policy 5722 that bans materials seeking to establish the supremacy of a particular religious denomination, sect, or point of view to J.G.'s distribution of invitations to religious-themed events unless such restriction is necessary to prevent a material and substantial interference with schoolwork or discipline.

(2)     Plaintiff's request that the Court waive Fed. R. Civ. P. 65(c)'s bond requirement is GRANTED.

(3)     Plaintiff's request for an immediate order permitting J.G. to distribute religious invitations and materials during non-instructional time to his friends and classmates at Lewis Elementary and any other relief sought in the preliminary injunction motion is DENIED.

**DONE AND ORDERED** this 24th day of October, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

2